# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
    PLAINTIFF,

vs.              Case No. 20-cr-40011-HLT-02

**FRANCISCO VALDEZ-GARIBAY,**
    DEFENDANT.

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRETRIAL DETENTION

**COMES NOW**, the United States of America, by and through Assistant United States Attorney, Skipper Jacobs, and provides the Court and counsel with the following memorandum in support of the government's motion for pretrial detention. This memorandum is intended to address a legal issue concerning the applicable statuary basis and standard of review applicable to the detention hearing set for March 12, 2020.

### Issue Presented

When the government moves for detention, Title 18, United States Code, Section 3142 imposes varying standards of review dependent on the charges filed against the defendant. The government may move for detention pursuant to 18 U.S.C. 3142(f)(1)(E) under a lessor standard than required by 18 U.S.C. 3142(f)(2), if the offense(s) charged involves the use or possession of a firearm. Here, the question

1

for the Court is whether the government may move for detention pursuant to 18 U.S.C. 3142(f)(1)(E) when the defendant is charged with crimes involving a codefendant's use and possession of a firearm. Based on the Bail Reform Act, *Pinkerton* liability doctrines, and Accessory After the Fact liability standards, the government submits 18 U.S.C. 3142(f)(1)(E) is an available statutory basis for detention in the instant case.

## Summary

The defendant is charged in five counts in the instant indictment. Count 1 alleges a marijuana conspiracy involving less than 50 kilograms. Counts 6 and 7 are charged as alternatives and allege the distribution (attempted distribution) of less than 50 kilograms of marijuana. Count 9 alleges the defendant with being an accessory after the fact to the possession, brandishing, and discharge of a firearm in furtherance of a drug trafficking crime. Finally, Count 11 charges the defendant with being an accessory after the fact to the discharge of a firearm on school property.

In general, the government alleges the defendant and codefendant Dallas Srivisay were coconspirators in the distribution of marijuana between at least May 22, 2019 and September 12, 2019. It is further alleged that during the course of a drug related transaction, arranged and negotiated by the defendant, that codefendant Dallas Srivisay and a third person exchanged gunfire in the parking lot of a public school in Manhattan, Kansas. In addition, it is alleged that following this transaction (attempted transaction) and exchange of gunfire, the defendant was the getaway driver in a high-speed chase on Interestate-70 in the District of Kansas.

The government contends, for the purposes of a pretrial release or detention determination, that the possession and use of a firearm was reasonably foreseeable to the defendant in furtherance of Counts 1, 6, and 7. The government further submits that the defendant's charge in Count 9 require actual knowledge on the defendant's behalf that codefendant Dallas Srivisay possessed and used a firearm in the predicate offense charged in Count 9. As such, use of the standards outlined in 18 U.S.C. 3142(f)(1)(E) to evaluate nonappearance and danger are the applicable standards here.

## **The Bail Reform Act**

Federal law authorizes this Court to detain or release a defendant pending trial. *See generally* 18 U.S.C. 3142. Dependent on the nature of the charges and history or circumstances of the defendant, the Bail Reform Act imposes differing standards of review. *Cf.* 18 U.S.C. §§ 3142(e), 3142(f)(1), *and* 3142(f)(2). In the instant case, the parties dispute the application of two provisions – 18 U.S.C. 3142(f)(1)(E) and 18 U.S.C. 3142(f)(2).

Pursuant to 18 U.S.C. 3142(f)(1) the Court may detain a pretrial defendant where the government proves s/he is a risk of nonappearance as required or a danger to the safety of others or the community. This standard of review is limited to particular types of cases enumerated in 18 U.S.C. 3142(f)(1)(A)-(E). Alternatively, per 18 U.S.C. 3142(f)(2) this Court may detain any defendant, in any criminal case, if the government proves the defendant poses a serious risk of flight or a serious risk of obstructive conduct.

Specifically, and as relevant here, 18 U.S.C. 3142(f)(1)(E) provides for the lessor nonappearance/general danger standard where the offense: (1) is a felony: (2) that is not a crime of violence; (3) and, "… involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon…." Title 18, United States Codes, Section 921 defines a firearm as:

> The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

Counts 1, 6, 7, and 9 of the instant indictment constitute felony offenses.[1] The government believes it is reasonably arguable that Count 9 constitutes a crime of violence, thus triggering the application of 18 U.S.C. 3142(f)(1)(A), in addition to subsection 18 U.S.C. 3142(f)(1)(E). However, for the purposes of this case the government does not believe the complicated and time consuming analysis required to determine whether Count 9 is a crime of violence is necessary, since Counts 1, 6, 7, and 9 all involve the use and possession of a firearm. As such, for the purposes of this case, the government waives argument on the crime of violence prong. Finally, the government does not allege the offenses charged against the defendant involve a destructive device or other dangerous weapon.

---

[1] The government notes Count 11 is a misdemeanor. 18 U.S.C. 924(a)(4) ("[e]xcept for the authorization of a term of imprisonment of not more than 5 years made in this paragraph, for the purpose of any other law a violation of section 922(q) shall be deemed to be a misdemeanor").

4

Since Counts 1, 6, 7, and 9 are felonies that are not alleged here to be crimes of violence, the Court's only necessary inquiry is whether one or more of these offenses involve the use and possession of a firearm.

## 18 U.S.C. 3142(f)(1)(E) and *involving a firearm*

After reviewing Tenth Circuit precedent, the government is unaware of any cases or precedent at the circuit or district level concerning the specific issue presented here. However, similar litigation has been addressed in other federal venues.

In the Second Circuit case of *United States v. Watkins*, the court was asked to consider, *inter alia*, whether 18 U.S.C. 3142(f)(1)(E) required the charged offense to have, as an element, the use or possession of a firearm. 940 F.3d 152, 156 (2d Cir. 2019) *cert. petition docketed* February 18, 2020. Watkins was indicted for possession of ammunition by a prohibited person. *Id.* at 155. In construing the context of §3142(f)(1)(E) the Second Circuit considered that the term "involves" directs the scope of review to be conduct specific. *Id.* 166. That is, because the term "involves" is contextually related to the preface "any felony" in order to determine whether the crime charged against the defendant is a felony that involves…[a prerequisite in §3142(f)(1)(E)], the Court need look beyond the elements of the charged offense to determine whether the underlying conduct itself involves one of the prerequisites. Specifically, the Second Circuit ruled:

> First, the prefatory phrase "in a case that involves" in § 3142(f)(1) refers, variously, to a "crime," an "offense," and a "felony." Each of these terms suggests charged conduct. By contrast, the phrase "any felony ... that involves" in § 3142(f)(1)(E) refers to a "minor victim" or "the possession

5

or use of a firearm." These phrases suggest factual details surrounding the charged conduct.70 Accordingly, when analyzing whether the Government is entitled to a detention hearing under § 3142(f)(1)(E), we may consider the actual conduct at issue in the specific case.

*Id.* at 166. The *Watkins* Court also considered legislative history and other components of the Bail Reform Act in ultimately concluding the government could request a hearing per 18 U.S.C. 3142(f)(1)(E) for possession of ammunition by a prohibited person, principally because the conduct involved Watkins discharging nine bullets from a firearm. *Id.* at 166-167.

Several district courts have applied similar analysis:

- In *United States v. Velez-Ramos*, a District Court reviewed a detention decision for the defendant's charge of aiding and abetting the illegal possession of a firearm. 2019 WL 1771614 at *1 (April 22, 2019 D. Puerto Rico) (slip copy). While the District Court ruled the defendant be released after reviewing the §3142(g) factors, the Court nevertheless conducted its analysis pursuant to 18 U.S.C. 3142(f)(1)(E). *Id.* at *2-5.

- In *United States v. Clifton*, a district court concluded that the addition of 18 U.S.C. 3142(f)(1)(E) as a 2006 amendment to the Bail Reform allowed for "a more permissive standard for detention in ordinarily nonviolent offenses, such as interstate transportation of stolen goods, which become more threatening to the safety of the community when committed by armed defendants." 2007 WL 2688648, at *1 (W.D.N.C. Sept. 10, 2007).

6

- In *United States v. Mieses-Casiano*, the district court used the non-appearance standard in 18 U.S.C. 3142(f)(1)(E) because the offense of possession of a machinegun was an offense involving a firearm. 161F.Supp.3d 166, 168-69 (D. Puerto Rico 2018).

- In *United States v. Baldazo*, the district court found that possession of a firearm by a prohibited person permits detention under 18 U.S.C. 3142(f)(1)(E). 2012 WL 12947283 at *2 (N.D. Ind. April 19, 2012). The Court in *United States v. Hefner*, 2019 WL 612704 at *2 (E.D. Tenn. Feb. 13, 2019), concluded the same.

- In *United States v. O'Neil*, the defendant was charged in the Western District of New York with possession of an unregistered firearm. The defendant argued that items seized from him were not designed or redesigned for use as a weapon or destructive device. 2015 WL 4647976 at *1 (W.D.N.Y. Aug. 5, 2015). As, such the defendant contend the government could not move for detention. *Id.* The government argued that the seized items consisted of shrapnel and flash powered used to make explosive devices and as such the government could move for detention under 18 U.S.C. 3142(f)(1)(E). *Id.* After considering the nature and context of the conduct, the magistrate judge concluded O'Neil possessed ingredients to make explosive devices and as such the government was entitled to a detention hearing pursuant to 18 U.S.C. 3142(f)(1)(E). *Id.* at *1-3.

7

As outlined in greater detail below, the government submits that the Court must review the nature of the alleged conduct to determine whether the offense is a felony involving the possession or use of a firearm – regardless of whether the charges themselves require use or possession of a firearm as an element. In doing so, the government contends four of the offenses the defendant is charged with are felonies involving a firearm. As such, the government may move for detention pursuant to 18 U.S.C. 3142(f)(1)(E).

### Pinkerton Liability

*Pinkerton* liability is a long-standing doctrine involving coconspirator liability for substantive offense committed by other coconspirators. *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946). That is, if the overt act committed during a conspiracy itself constitutes a substantive offense, the coconspirators are liable *both* for the overt act *and* for the substantive offense. *Id.* at 642, 647. In order for the coconspirator to be liable for the overt act *and* the substantive offense, the government must show that the act/offense was committed within the scope of the conspiracy, that is was in furtherance of the conspiracy, and that it was reasonably foreseeable to particular coconspirators.

Tenth Circuit Pattern Instruction 2.21 (Conspirator's Liability for Substantive Count) describes the proof requirements of *Pinkerton* liability as follows:

> If you find the defendant guilty of the conspiracy charged in count [\_\_\_\_] and you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy another coconspirator committed the offense in count_____ , and the offense in count \_\_\_\_\_ was committed to achieve an objective of or was a foreseeable consequence of that conspiracy, then you may find the defendant guilty

> of count _____, even though the defendant may not have participated in any of the acts which constitute the offense[s] described in count \_\_\_\_\_.

In other words, in the instant case, the defendant is alleged to be a coconspirator in a marijuana conspiracy with Dallas Srivisay. On or about September 12, 2019, Srivisay and the defendant arranged to sale a quantity of marijuana to a third party on the campus of Manhattan High School. Srivisay possessed a firearm and in fact used the firearm during the exchange when the third party pulled a firearm on the defendant and another coconspirator. Srivisay's possession, use, brandishing, and discharge of a firearm in furtherance of the distribution and conspiracy to distribute marijuana is both an overt act in furtherance of the conspiracy and a substantive offense in and of itself.

A Grand Jury has found probable cause to believe the defendants were in a conspiracy (Count 1) that involved the distribution of marijuana (*e.g.* Courts 6 and 7) and that Dallas Srivisay possessed, brandished, and discharged a firearm in furtherance of that conspiracy (*e.g.* Count 8). The government contends based on the nature of drug dealing and the facts and evidence in the instant case, that the use and possession of firearms was reasonably foreseeable to the defendant.

Drug dealing is a dangerous black market enterprise that does not avail its participants of legitimate and lawful recourse and remedies for resolving conflicts. The use and possession of firearms are, in many instances, a necessary ingredient to protect the persons, proceeds, and products distributed and received in the course of drug trafficking. The government contends that as a general premise, it would be

reasonably foreseeable that participants in the instant case would possess and use firearms.

Further, the defendants here were engaged in marijuana trafficking beginning in or before May 2019 and continuing to at least September 2019. During the period of the conspiracy, in May 2019, a search warrant was executed on Srivisay's house wherein multiple firearms were confiscated and seized as well as proceeds and marijuana. It would be reasonable to believe that participants in a criminal venture, whose efforts had been thwarted by law enforcement, would necessarily discuss the nature and circumstances of that event. As such, it would be reasonable for the defendant to know or be on notice, prior to the events of September 12, 2019, that Srivisay was in possession of firearms related to the drug trafficking.

In addition, following the defendant's arrest on September 12, 2019, law enforcement seized and analyzed the defendant's cellular phone. During a review of conversations, law enforcement discovered messages to and from the defendant and Dallas Srivisay indicative of firearms in relation to their scheme:

- On February 26, 2019 the defendant and Srivisay exchanged several messages including:

Defendant: Did luis put the switch on your shit already

Srivisay: Yeah
…
Srivisay: Im go test it out

Defendant: Nice bro

Srivisay: Yup yup I don't think you gone make it by five you want me to tell Oscar you say anything?

Defendant: Na I'm not bro

Srivisay: Okay but do you want me send a message to him

Defendant: Tell him we got a switch for his shit lol & I'm send him some shiy later bro

On or about May 22, 2019, law enforcement seized, *inter alia*, three modified slide plate covers designed to convert Glock pistols to fully automatic machineguns. The devices are known colloquially as "Glock switch(es)" or "switches." The above conversation indicates both the defendant and Srivisay were in possession of machinegun conversion devices and that Dallas had installed one. Further in the last message above – it is assessed that "shiy" is a misspelling of "shit" which in general, and in the context of the communication, the defendant is asking Srivisay to relay a message to "Oscar" that they have a conversion device for Oscar's firearm and "some shiy [*sic*]" understood to be slang for a controlled substance, likely marijuana. The government's conclusions that the participants were using slang and discussing controlled substances is corroborated by conversations the same date warning to be discreet due to voice recordings and a reference to "wet," a known slang term for marijuana or tobacco cigarettes dipped in PCP.

- On March 17, 2019, the defendant and Srivisay discussed acquiring .223 caliber bullets for the defendant's firearm.

- On April 27, 2019, the defendant and Srivisay discuss allowing the defendant to borrow a firearm to go to the range. Specifically the defendant asks to borrow the "45" to go to the range. Srivisay says he has it with him. The defendant inquires

11

"You got all of your **_glocks_** with yo u [*sic*]?" (emphasis added). Srivisay states he does and he is at the range. The firearm seized following the defendant's apprehension, and used in the gunfire exchange on September 12, 2019, was a Glock pistol.

In addition to the above exchanges, throughout the period of the conspiracy the defendant and Srivisay sent and received communications to and from one another involving the distribution of controlled substances.

For all of the reasons stated above, the government submits that Count 1 and Counts 6 and 7, involve the use and possession of firearms, within the scope and in furtherance of a drug conspiracy, and that such use and possession was reasonably foreseeable to the defendant. Therefore, the government may move for detention pursuant to 18 U.S.C. 3142(f)(1)(E), as the defendant is charged with a felony offense, not otherwise a crime of violence, involving the possession or use of a firearm.

### Principal and Accessory Liability

Title 18, United States Code, Sections 2 and 3, assess criminal liability for those who aid and abet the commission of an offense and those who are accessories to criminal offenses. Specifically, Section 3 (Accessory after the fact) provides:

> Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

Tenth Circuit Criminal Pattern Instruction 2.07 provides the following elements that the government must prove at trial for an 18 U.S.C. § 3 offense:

> This law makes it a crime for anyone, knowing that a crime against the United States has been committed, to obstruct justice by giving assistance to another person who committed that crime, in order to hinder or prevent that person's apprehension or punishment. A person who does this is called an accessory after the fact.
> In this case, the defendant is not charged with actually committing the crime of [————]. Instead, he is charged with helping someone else try to avoid being arrested, prosecuted or punished for that crime.
>
> To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First*: the defendant knew someone else had already committed the crime of [————].
>
> *Second*: the defendant then helped that person try to avoid being arrested, prosecuted or punished.
>
> *Third*: the defendant did so with the intent to help that person avoid being arrested, prosecuted or punished.

As relevant here, the defendant is charged in Count 9 with being an accessory after the fact to the discharge, brandishing, or possession of a firearm in furtherance of a drug trafficking crime. A Grand Jury has found probable cause to believe Dallas Srivisay used, brandished, or possessed a firearm in furtherance of a marijuana conspiracy (that the defendant was a part of) and the distribution/attempted distribution of marijuana. This is conclusively a crime involving the possession or use of a firearm. A Grand Jury has further found probable cause to believe the defendant knew Srivisay committed this offense, and that he assisted Srivisay with the intent to avoid Srivisay being arrested, prosecuted, or punished. Namely that the defendant was the getaway driver and led the Kansas Highway Patrol on a dangerous high-speed chase.

13

In other words, in the context of 18 U.S.C. 3142(f)(1)(E), there is a finding of probable cause that: (1) Srivisay committed an offense involving the possession or use of a firearm; (2) the defendant knew Srivisay committed an offense involving the possession or use of a firearm; and that (3) the defendant was an accessory to a crime involving the possession or use of a firearm. As such, because the defendant is charged with an offense involving the use or possession of a firearm and the government may move for detention pursuant to 18 U.S.C. 3142(f)(1)(E).

## CONCLUSION

The defendant is charged with four felony counts that involve the possession and use of a firearm. The defendant knew, had reasonable cause to know, and could reasonably foresee that a firearm would be possessed or used in these offenses. As such, the Court may permit the government to move for detention pursuant to 18 U.S.C. 3142(f)(1)(E) and consider whether the defendant is a risk of nonappearance or a danger to the community or others. The Court may also consider, alternatively or in addition to § 3142(f)(1)(E), whether the defendant poses a serious risk of flight per 18 U.S.C. 3142(f)(2).

The government reserves the recitation of fact and argument on the merits of detention for the detention hearing schedule for March 12, 2020.

Respectfully submitted,

s/Skipper S. Jacobs
Skipper S. Jacobs, #26848
Assistant United States Attorney
444 SE Quincy, Suite 290
Topeka, KS 66683
Phone: (785) 295-2850

Fax: (785) 295-2853
Skipper.jacobs@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2019, I electronically filed the foregoing Motion with the Clerk of the Court by using the CM/ECF system which will send an electronic copy to counsel of record.

s/Skipper S. Jacobs
Skipper S. Jacobs, #26848
Assistant United States Attorney